Simons, J.
(dissenting). I agree with Judge Hancock’s interpretation of section 9-103 of the General Obligations Law, i.e., that it was enacted to make available to the public areas suitable for recreation by freeing property owners from liability for personal injuries sustained by users engaged in certain permitted activities, that its application depends upon the suitability of the premises for the recreational uses stated in the statute, and that suitability is a question of law for the court. I also agree with him that "suitability” does not, contrary to the holding of the Appellate Division, depend upon whether the property is commercial. A property may be "suitable” for recreational use notwithstanding its commercial nature.
Nevertheless, defendant’s property, the right-of-way of the main line of a national railroad network used by the freight and passenger trains, was singularly unsuitable for recreation *53 because defendant’s own use of those premises created the potential for serious injury. There is nothing in the record to suggest that this right-of-way was used for recreational purposes — only as an alternate travel route for pedestrians and unregistered vehicles and as an access roadway for Conrail employees to service the operating railroad track. I know of no public interest or legislative purpose to be served by encouraging recreational activities on such property or immunizing the railroad from liability for negligently inflicted injuries resulting from the public’s presence on that property.
Accordingly, I dissent and vote to affirm the order of the Appellate Division.
Judges Alexander and Titone concur with Judge Hancock, Jr.; Chief Judge Wachtler concurs in result in a separate opinion in which Judge Bellacosa concurs; Judge Simons dissents and votes to affirm in another opinion in which Judge Kaye concurs.
Order reversed, etc.